# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD R. BECK, SR., ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:10-cv-306-JMS-DML |
| ) | |
| JAMES BASINGER, ) | |
| ) | |
| Respondent. ) | |

## Entry Discussing Petition for A Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Richard R. Beck, Sr. ("Beck") for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I.

Beck is incarcerated at an Indiana prison serving the executed portion of a sentence imposed on January 18, 2005, following his conviction in a state court for burglary and residential entry and his adjudication as an habitual offender. He challenges his convictions. The respondent asserts that Beck's habeas petition was not timely filed.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

The facts pertinent to the computation of the statute of limitations are the following:

! Beck's direct appeal was decided in *Beck v. State,* No. 49A02-0502-CR -116 (Ind.Ct.App. Oct. 31, 2005)(*Beck I*).

! The trial court's denial of the post-conviction petition was affirmed on appeal

> in *Beck v. State,* No. 49A05-0807-PC-412 (Ind.Ct.App. May 21, 2009)(*Beck II*).

! The Indiana Supreme Court denied Beck's petition for transfer in *Beck II* on July 16, 2009.

! Beck's petition for leave to file a second or successive petition for post-conviction relief was denied on May 20, 2010.

! Beck signed his petition for a writ of habeas corpus on October 10, 2010.

The legal significance of the foregoing facts is the following: The running of the statute of limitations was tolled while Beck's petition for post-conviction relief was pending. See 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002). The statute of limitations began to run no later than July 17, 2009, the day following the denial of transfer in *Beck II.* Beck's subsequent efforts to file a successive action for post-conviction relief were rejected by the Indiana state courts and hence did not toll the running of the statute of limitations. *Tinker v. Hanks,* 172 F.3d 990 (7th Cir. 1999). Beck's habeas petition was not signed until more than 15 months later, at least three months after the statute of limitations expired.

The statute of limitations established by 28 U.S.C. 2244(d) expired prior to the filing of the present action for federal habeas corpus relief.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Beck has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Beck has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/20/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana