# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD BECK, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:10-cv-306-JMS-DML |
| | ) |
| J. BASINGER, | ) |
| | ) |
| Respondent. | ) |

## Entry Directing Treatment of Post-Judgment Brief

### I.

Under *Gonzalez v. Crosby,* 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it . . . challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application." *Id.,* at 1215-16. Thus, when faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Id.,* at 1215.

In *Gonzalez,* the Supreme Court held that a state prisoner may not rely on Rule 60(b) to raise a claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254. "[F]or purposes of [28 U.S.C.] § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530 (citations omitted). The Court then provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531-32. Specifically, "[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits." *Id.* However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not construe the motion as a second or successive petition. *See id.*

Habeas petitioner Beck's post-judgment brief continues further points in his defense to the respondent's statute of limitations defense to his petition for writ of habeas corpus.

*Gonzalez* defines "claim" to include a federal habeas court's previous resolution of a claim on the merits. Applying this portion of *Gonzalez* here, it must be concluded that Beck is advancing one or more "claims" as defined by *Gonzalez.* Because of this, and because Beck is not permitted to circumvent the filing restriction of § 2244(b), his motion for relief from judgment must be treated as a new civil action.

## II.

The post-judgment brief [20] shall be **processed as a new civil action.** The nature of suit code for the new action is 530, and the cause of action is 28: 2254(a). When composing the caption, the *petitioner* is Richard Beck, Sr., and the *respondent* is Beck's custodian, Superintendent Brown, Wabash Valley Correctional Facility.

When placed in the newly-opened action, the brief shall be docketed as the petition for a writ of habeas corpus, and a copy of this Entry shall be docketed in the newly opened action.

The assignment of judicial officers in the newly opened action shall be by random assignment.

## III.

Relief sought in Beck's brief [20] is **denied** insofar as it has been docketed in the above action.

**IT IS SO ORDERED.**

Date: 06/22/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Richard Beck
No. 967008
Wabash Valley Correctional Facility
P.O. Box 1111
6908 S. Old U.S. Highway 41
Carlisle, IN 47838**

**James.martin@atg.in.gov**